## TOM WING ART v. CARMICHAEL.

### No. 9564.

Circuit Court of Appeals, Ninth Circuit.

Jan. 9, 1941.

Rehearing Denied Feb. 7, 1941.

William H. Wylie, H. P. Larson Beck, and Hugh·A. Sanders, all of San Diego, Cal., for appellant.

Wm. Fleet Palmer, U. S. Atty., and Russell K. Lambeau, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Pursuant to § 19 of the Act of February 5, 1917, c. 29, 39 Stat. 889, 8 U.S.C.A. § 155,[1] the Secretary of Labor issued a warrant for the arrest of appellant, a Chinese alien, and—after appellant had been arrested and given a hearing—a warrant for his deportation to China, because of his having been (1) found connected with the management of a house of prostitution; (2) found receiving, sharing in or deriving benefit from the earnings of a prostitute; and (3) found managing a house of prostitution or music or dance hall or other place of amusement or resort habitually frequented by prostitutes, or where prostitutes gather. Appellant petitioned for and obtained a writ of habeas corpus, which, after a hearing, was discharged. From the order discharging the writ this appeal is prosecuted.

Appellant's immigration record—a record of the proceedings which culminated in the issuance of the warrant for appellant's deportation—was incorporated in and made part of his petition for habeas corpus, was received in evidence by the court below, and is the only evidence in the case.

---

[1] " * * · * Any alien who shall be found an inmate· of or connected with the management of a house of prostitution or practicing prostitution after such alien shall have entered the United States, or who shall receive, share in, or derive benefit from any part of the earnings of any · prostitute; any alien who manages or is employed by, in, or in connection with any house of prostitution or music or dance hall or other place of amusement or resort habitually frequented by prostitutes, or where prostitutes gather * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported. * * *"

Therefrom it appears that the proceedings were in all respects lawful and regular, that the hearing which preceded the issuance of the warrant for appellant's deportation was a fair hearing, and that the Secretary's findings were amply supported by evidence.

The assertion, in appellant's brief, that the record contains no evidence that appellant managed or was connected with the management of a house of prostitution or received, shared in or derived benefit from the earnings of a prostitute, is unwarranted and false. The record reeks with such evidence. Appellant's petition should have been denied. The writ of habeas corpus should not have been issued. Having been issued, it was properly discharged.

Order affirmed.